FORMER EMPLOYEE OF HOUSING AUTHORITY — PRESENT EMPLOYER MAY DO BUSINESS WITH THE AUTHORITY The employment under an employer-employee agreement of a former employee of a Housing Authority created under 63 O.S. 1051 [63-1051] (1961) et seq., by an entity which subsequently submits a proposal to such Authority does not preclude the acceptance of such proposal by the Authority. We have considered your request for an opinion within which you outline the following facts: "An Executive Director of a housing authority created under the authority of 63 O.S. 1051 [63-1051] et seq., resigned his position in order to accept employment with a business that is engaged in manufacturing and development of houses. Subsequent to his employment, his new employer had an opportunity to bid upon a housing project which was promulgated by the employee's former employer, the Housing Authority. "Under the terms of his employment with the developer, the employee is salaried, owns no stock in the business, nor is he entitled to obtain stock options or any other evidences or incidents of ownership. He may not participate in any profits of the business, nor is there a profit sharing provision for this employee. This employee is not a member of the Board of Directors nor an officer of the business. He does not own nor have any interest in the land which will be used by the developer for the proposed housing project. The acceptance of the bid by the Housing Authority must come within one year of the employee's resignation from the Housing Authority. The present relationship between the developer and employee is known to the Housing Authority. You then ask whether under the above fact situation, the developer's bid upon the proposed project may be accepted by the Housing Authority assuming all other requirements of the law other than the herein questioned possible conflict envisioned by 63 O.S.A. 1059, are met. The pertinent Statute which might prohibit the questioned activity is set forth in 63 O.S. 1059 [63-1059] (1970) as follows: "Interest of commissioners, officers or employees. — During his tenure and for three (3) years thereafter, no commissioner, officer, or employee of the local housing authority shall voluntarily acquire any interest, direct or indirect, in any project or in any property included or planned to be included in any project, or in any contract of proposed contract relating to any housing project. If any such commissioner, officer, or employee involuntarily acquired any such interest, or voluntarily or involuntarily acquired any such interest prior to appointment or employment as commissioner, officer, or employee, the commissioner, officer, or employee, in any such event, shall immediately disclose his interest in writing to the authority, and such disclosure shall be entered upon the minutes of the authority, and the commissioner, officer, or employee shall not participate in any action by the authority relating to the property or contract in which he has any such interest. Any violation of the foregoing provisions of this section shall constitute misconduct in office. This section shall not be applicable to the acquisition of any interest in notes or bonds of an authority issued in connection with any housing project, or to the execution of agreements by banking institutions for the deposit or handling of funds in connection with a project or to act as trustee under any trust indenture, or to utility services the rates for which are fixed or controlled by a governmental agency." (Emphasis added) Although it is clear that the contrary would be true if the employee owned an interest in the development corporation or an interest in the subject land, project or contract with the Authority, under the facts set forth above the bid or the acceptance of the bid by the Authority is not prohibited. The underlined language may be broadly construed with respect to ownership, but does not pertain to an employer: employee relationship. The particular language "acquire any interest, direct or indirect, in any project. . ." can only be construed to refer to ownership of some type of interest and does not extend to indirect benefits not involving a percentage of profits or compensation derived directly from the subject project. It is the opinion of the Attorney General that the employment under a pure employer-employee agreement of a former employee of a housing authority created under 63 O.S. 1051 [63-1051] (1961) et seq. which subsequently submits a proposal to such authority does not preclude the acceptance of such proposal by the Authority. (Gary M. Bush) (Conflict of Interest)